**Lynnette HERNANDEZ,**
**Plaintiff—Appellee,**

v.

**CITY OF SALEM, a municipal**
**corporation, Defendant,**

**and**

**Andrew Connolly, an individual,**
**Defendant—Appellant.**

**No. 07–35697.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2009.*

Filed May 11, 2009.

Kevin T. Lafky, Matthew L. Mohill, Lafky & Lafky, Salem, OR, for Plaintiff–Appellee.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Aaron D. Felton, City of Salem Legal Department, Salem, OR, Robert S. Wagner, Miller & Wagner LLP, Portland, OR, for Defendant.

Aaron D. Felton, David C. Lewis, Miller & Wagner LLP, Portland, OR, for Defendant–Appellant.

Before: W. FLETCHER, BEA and IKUTA, Circuit Judges.

## MEMORANDUM **

Taking all the evidence in the light most favorable to Hernandez, the district court erred in denying Connolly's motion for summary judgment based on qualified immunity.

■ Connolly did not violate Hernandez's Fourth Amendment rights by arresting Hernandez for failure to produce either a valid service permit or an indorsed application for such a permit, as she was required to do under Or.Rev.Stat. §§ 471.360(1)(c), 471.375(1). Connolly was legally in the establishment and had the authority to inspect Hernandez's paperwork under Or. Admin. R. 845–006–0345(4)(a). When Hernandez failed to produce a valid service permit or indorsed application, she committed a misdemeanor in clear view of Connolly, *see* Or.Rev.Stat. § 471.990, which gave Connolly sufficient probable cause to arrest her, *see Virginia v. Moore*, —— U.S. ——, 128 S.Ct. 1598, 1607, 170 L.Ed.2d 559 (2008) ("We conclude that warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitu-

tion."). Connolly's actual motivations for the arrest are irrelevant given the existence of probable cause. *See Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

■ To the extent Hernandez alleges that the pretextual or subjectively improper nature of the request invalidated the probable cause that otherwise existed as a result of Hernandez's failure to produce a permit or indorsed application, Connolly is entitled to qualified immunity. Qualified immunity shields law enforcement officers from personal liability unless "the unconstitutionality of the officers' conduct was clearly established." *Pearson v. Callahan,* 555 U.S. ——, 129 S.Ct. 808, 813, 172 L.Ed.2d 565 (2009). It is not clearly established that an officer's improper subjective motivation can invalidate an otherwise legitimate demand for a license and the resulting probable cause based on failure to produce one. Hernandez fails to provide any precedent supporting this proposition, nor are we aware of any.

We **REVERSE** the district court's order denying Connolly qualified immunity and **REMAND** for entry of judgment in favor of Connolly.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.